United States District Court
Southern District of Texas
**ENTERED**
April 15, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSEPH TAMEZ, | § | |
| | § | |
| Petitioner, | § | |
| V. | § | CIVIL ACTION NO. 2:23-CV-00164 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Jason Libby's Memorandum and Recommendation ("M&R"). (D.E. 15). The M&R recommends that the Court:

(1) Grant Respondent's motion for summary judgment, (D.E. 11);

(2) Dismiss Petitioner's claim for habeas corpus relief, (D.E. 1);

(3) Deny Petitioner a certificate of appealability.

(D.E. 15, p. 1). Petitioner filed written objections to the M&R. (D.E. 16).[1] For the reasons below, the Court **ADOPTS** the M&R. (D.E. 15).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

---

[1] Although it is unclear when the M&R was served on Petitioner, his objections were postmarked on January 19, 2024. *See id.* at 4. Assuming that Petitioner was served the M&R within a week of its filing, his objections are likely timely. *See* (D.E. 15, p. 23) (requiring objections to be filed within fourteen days of service of the M&R). As such, the Court will consider Petitioner's objections timely.

Petitioner objects to the M&R on three grounds. *See* (D.E. 16, p. 1–3). The Court will address each objection.

First, Petitioner argues that the prosecutor improperly "vouched for witness Victoria Garza's credibility numerous times during closing arguments[.]" *Id.* at 1. Petitioner appears to dispute the M&R's finding that "the prosecutor did not offer his personal opinion on either Petitioner or his ex-wife's credibility" but instead summarized the evidence, made "reasonable deductions taken from the evidence," and "commented on the demeanor of a witness[,] . . . which the jury observed firsthand." *See* (D.E. 15, p. 14). But Petitioner cites no law indicating that the prosecutor's statements were improper. *See* (D.E. 16, p. 1–2). While a prosecutor generally may not express a personal opinion on a witness's credibility, *see Castillo v. Lumpkin*, No. H-21-2281, 2023 WL 3792649, at *19 (S.D. Tex. June 2, 2023) (Hittner J.) (first citing *Menefee v. State*, 614 S.W.2d 167, 168 (Tex. Crim. App. 1981); and then citing *Robillard v. State*, 641 S.W.2d 910, 912 (Tex. Crim. App. 1982)), the prosecutor may do so if the "opinion is based on reasonable deductions from the evidence and does not constitute unsworn testimony[,]" *id.* (citing *McKay v. State*, 707 S.W.2d 23, 37 (Tex. Crim. App. 1985)). After de novo review of the prosecutor's statements regarding Ms. Garza's credibility, the Court finds they were not improper. *See* (D.E. 10-9, p. 36–37). Thus, trial counsel did not err in failing to object to the statements. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) (finding that "failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness" (citation omitted)). As such, this objection is **OVERRULED**. (D.E. 16, p. 1–2).

Second, Petitioner argues that trial counsel was ineffective in failing to strike Juror #3 for bias. *Id.* at 2. Petitioner argues that trial counsel failed to rehabilitate Juror #3. *Id.* This Court disagrees. As the M&R recounts, *see* (D.E. 15, p. 15–16), while Juror #3 initially indicated he was

uncomfortable sitting on this type of case, he did not raise his card when asked if he did not believe he could be fair and listen to all the evidence before making a decision, (D.E. 10-6, p. 59). Thus, there is no indication in the record that Juror #3 was biased, and Petitioner provides no evidence in support of his claim. *See* (D.E. 16, p. 2). As such, this objection is **OVERRULED.** *Id.*

Third and finally, Petitioner argues that "trial counsel provide[d] little or no meaningful legal or factual investigation on his client[']s behalf." *Id.* at 4. As the M&R notes, *see* (D.E. 15, p. 17), Petitioner has not produced any evidence in support of this claim, other than unauthenticated text messages allegedly exchanged between Petitioner and Ms. Garza. *See* (D.E. 6-1). "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (citations omitted). While Petitioner alleges that investigation of the text messages would reveal that "the real motive for having Petitioner prosecuted was [Ms. Garza's] belief [P]etitioner was having an affair," (D.E. 16, p. 2–3), he does not allege how the outcome of his trial would be altered by this alleged evidence. Petitioner offers only a conclusory allegation that "[h]ad the jury been aware of the facts presented by [P]etitioner[,] there is a reasonable probability the result of his trial would have been different[.]" *Id.* at 3. As such, the Court finds that Petitioner has not met his burden, and this objection is **OVERRULED.** *Id.*

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Petitioner's objections are directed, *see* 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Petitioner's objections, (D.E. 16), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 15).

Accordingly:

(1) Respondent's motion for summary judgment is **GRANTED**, (D.E. 11),;

(2) Petitioner's claim for habeas corpus relief is **DISMISSED**, (D.E. 1); and

(3) Petitioner is **DENIED** a certificate of appealability.

A final judgment will be entered separately.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
April 15th, 2024